## LYTLE CREEK WATER CO. v. PERDEW and Others.*

### February, 1884.

#### 2 Pac. 732.

**Waters.—Any Rights Which a Riparian Proprietor Would Have to the Water** of the creek which touched his land, if his settlement was after the act of 1866 took effect, would be subject to the previously confirmed appropriation of the water.

**Waters.—In the Absence of Any Findings as to the Order in Which the Persons** interested in the appropriations of the water should use it, no decree can be entered in favor of the plaintiff which would not prejudice the other owners. The cause must be remanded, with directions that all claimants of the water rights be made parties.

Byron Waters for appellant; Satterwhite & Curtiss for respondent.

McKINSTRY, J.—The complaint alleges that plaintiff is the owner of ''all the flow'' of Lytle creek. The court below found that before the end of 1856 all the waters of Lytle creek had been appropriated by several persons, each acting separately, and claiming to appropriate a portion of the waters, and the waters thus appropriated by the various persons who appropriated the same, and those claiming to be their successors, were used ''by turns separately and consecutively, each upon his separate land for a certain length of time, measured by hours and minutes, under the regulations of the board of water commissioners of this (San Bernardino) county, prescribing how often and the length of time each should be entitled to use the same, varying in time according to the extent of interest each held in the water so appropriated,'' etc. ''Such separate interests in the water were held by the individuals separately, and sold, transferred, or abandoned by them respectively at their will.'' That plaintiff was the owner, through mesne conveyances and transfers of interests, of a portion of the waters of Lytle creek, appropriated as aforesaid, ''equal in amount to the use of all the waters of said creek one hundred and thirty-two hours and

*For subsequent opinion in bank, see Lytle Creek Water Co. v. Perdew, 65 Cal. 447, 4 Pac. 426.

nineteen minutes out of each and every three hundred and seventy-two hours.'' That defendant A. G. Perdew, in 1867, ''settled upon a tract of government land near said Lytle creek, and within the flow of the same,'' and ''diverted and appropriated from said Lytle creek,'' etc. No question as to the use of the waters of a stream by riparian proprietors is presented by this record. There is nothing in the pleadings or findings to indicate that when all the waters of Lytle creek were appropriated, any of the lands by or through which the creek flows had passed into private ownership. It must be presumed, therefore, that such lands were public lands of the United States, and the rights to the waters of Lytle creek acquired by prior appropriation were confirmed by the act of Congress of 1866: 14 U. S. Stats. 218. The court found that the settlement on government land by defendant (conceding that this tract touched the creek) was made after the act of 1866 took effect. Any rights which he might acquire, therefore, from the government would be subject to the previously confirmed appropriations of the water.

The plaintiff and the other persons claiming rights in the waters of the creek derived from the original proprietors were not tenants in common. The convention inter sese of the owners of the use of all the waters appropriated, by or under which the water was used for recurring periods of time by each, did not make them tenants in common. Plaintiff had a separate title to the use of all the water one hundred and thirty-two hours and nineteen minutes of every three hundred and seventy-two hours. It is manifest that, in the absence of finding or evidence as to the order in which the persons interested in the appropriations of water used it, or as to the times when the periods during which the plaintiff would be entitled to the exclusive use of all the water would recur, no decree could be entered fixing the rights of plaintiff, or prohibiting the defendant from interfering with plaintiff's rights. It is equally manifest that no decree determining the rights of plaintiff or protecting them against the acts of defendant could be entered which would not prejudice the other owners deriving from the prior appropriators. Suppose, for example, the court had decreed that plaintiff would be entitled to the exclusive use of all the waters of the creek for a period of one hundred and thirty-two hours and nineteen minutes, com-

mencing at 12 o'clock M. of the first day of October, 1883, and to an exclusive use of the waters for a like period commencing two hundred and thirty-nine hours and forty-one minutes after the expiration of the first period (and so on), such decree would not conclude the rights of the other owners of the use, and the result might be that the defendant would only be enjoined for periods to which others than the plaintiff would be entitled to the use of all the waters. Hence, it was the duty of the court to order the other persons interested in the use of the waters to be brought in as necessary parties to the controversy: Code Civ. Proc., sec. 389.

Judgment reversed and cause remanded, with direction to the court below to order that all persons claiming or owning rights to the use of any of the waters on Lytle creek be made parties to the action.

We concur: McKee, J.; Ross, J.